IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

NEAL LEPOVETSKY, )
    Plaintiff, )
)
vs. )    C.A. No. 05-359Erie
)    District Judge McLaughlin
DAVID FRANZ, et al, )    Magistrate Judge Baxter
    Defendants. )

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that the motion for partial summary judgment filed by Defendants [Document # 42] be granted.

**II.    REPORT**

    **A.    Relevant History**

This matter involves a motor vehicle accident that occurred around March 25, 2005, on Interstate 80 in Jefferson County, Pennsylvania. Plaintiff, Dr. Neal Lepovetsky, is the Administrator of the Estate of his late wife Kathy Ann Lepovetsky who died in a tragic car accident. Defendant David Franz was the driver of the tractor-trailer involved in the accident and Defendant Werner Enterprises, Inc. is the former employer of Mr. Franz and the owner of the tractor-trailer.

Plaintiff brings this action on behalf of his wife's estate, as well as himself as her wrongful death heir. See Document # 48, page 1. The complaint consists of two counts: Count

1

I, a wrongful death cause of action and Count II, a survival cause of action.[1] As relief, Plaintiff seeks monetary damages.

Following at least two rounds of settlement discussions, Defendants have filed a motion for partial summary judgment arguing that Plaintiff cannot recover 1) damages for his own mental anguish and/or his emotional pain and suffering and 2) damages for his loss of personal income under either cause of action. Document # 42. Plaintiff has filed a Brief in Opposition [Document # 46] and Defendants have filed a Reply [Document # 47]. The issues raised in the pending motions are fully briefed and this motion is ripe for disposition by this Court.

### B.     Standards of Review

Defendants have styled their motion as one for partial summary judgment; so the motion is reviewed under Federal Rule of Civil Procedure 56(c) which provides that summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(e) further provides that when a motion for summary judgment is made and supported, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." Id.

A district court may grant summary judgment for the defendant when the plaintiff has failed to present any genuine issues of material fact. See Fed.R.Civ.P. 56(c); Krouse v. American Sterilizer Company, 126 F.3d 494, 500 n.2 (3d Cir. 1997). The moving party has the initial burden of proving to the district court the absence of evidence supporting the non-moving

---

[1] A wrongful death action brought pursuant to 42 Pa.C.S.A. §8301 is separate and distinct from a survival action arising under 42 Pa.C.S.A. § 8302. In Re Hendrickson, 274 B.R. 138, 150 (Bkrtcy. W.D. Pa. 2002) citing Holmes v. Lado, 412 Pa. Super. 218, 223 (1992).

2

party's claims. Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1990). Further, "[R]ule 56 enables a party contending that there is no genuine dispute as to a specific, essential fact 'to demand at least one sworn averment of that fact before the lengthy process of litigation continues.'" Schoch v. First Fidelity Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990) quoting Lujan v. National Wildlife Federation, 497 U.S. 871 (1990). The burden then shifts to the non-movant to come forward with specific facts showing a genuine issue for trial. Matsushita Elec. Indus. Company v. Zenith Radio Corp., 475 U.S. 574 (1986); Williams v. Borough of West Chester, Pa., 891 F.2d 458, 460-461 (3d Cir. 1989)(the non-movant must present affirmative evidence - more than a scintilla but less than a preponderance - which supports each element of his claim to defeat a properly presented motion for summary judgment).

### C. Plaintiff requests for relief

Plaintiff's wife died of injuries sustained during a tragic accident along Interstate 80 on Good Friday, March 25, 2005, as she was traveling to celebrate the Easter holiday with her parents. During the course of the accident, Mrs. Lepovetsky was ejected from her car and was ultimately struck and run over by her own car. She died at the scene of the accident. Plaintiff, Dr. Lepovetsky, did not witness the accident which resulted in the death of his wife, but was informed of it after her death by the state police. Plaintiff seeks monetary damages from both the driver and the owner of the tractor-trailer.

Plaintiff describes his wife Kathy Ann as his life partner and best friend, and he has suffered greatly due to her loss. Even now, more than three years later, Plaintiff complains that he is distraught, cannot focus or concentrate, and that his chiropractic practice has suffered economically due to his present mental state and his inability to relate to his patients.

As to both Plaintiff's wrongful death claim and his survival claim, Defendants move for summary judgment arguing that Plaintiff 1) cannot recover damages for his own mental anguish and/or his own emotional pain and suffering and 2) cannot recover damages for the loss of

3

income either personally or to his incorporated business. In opposition, Plaintiff argues that it is impossible to differentiate between the loss of everything that Decedent brought into the marriage and Plaintiff's grief and emotional suffering.

In the interests of clarity, the two causes of action will be addressed separately.

### 1. The Wrongful Death Cause of Action

Plaintiff claims that Defendants are jointly liable for causing the wrongful death of Decedent and as relief, Plaintiff requests that "as a result of the untimely death of Decedent resulting from Defendants' negligence, said heir, Plaintiff Neal Lepovetsky has been deprived of Decedent's society, companionship, comfort, protection, care, advice, attention, counsel, support, guidance, financial and economic support, and **has suffered and continues to suffer mental anguish and emotional pain and suffering**." Document # 1, ¶ 23 (emphasis added).

The Wrongful Death Act, 42 Pa.C.S.A. § 8301[2], creates a new right of action to compensate the named beneficiaries for their loss resulting from the death of the decedent. The

---

[2] In pertinent part, the statute reads:

> **(a) General rule.--**An action may be brought, under procedures prescribed by general rules, to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.
>
> * * *
>
> **(c) Special damages.--**In an action brought under subsection (a), the plaintiff shall be entitled to recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death.

42 Pa. C.S.A. § 8301.

4

wrongful death action is distinct and independent from the wrong suffered by the decedent. The purpose of the Wrongful Death Statute is to compensate the decedent's relatives for their loss. Gillette v. Wurst, 937 A.2d 430, 436 (Pa. Sup. 2007). That "pecuniary" loss includes "lost earnings occasioned by the death, as well as services the decedent would have performed for the family." Walsh v. Strenz, 63 F.Supp.2d 548, 550 (M.D. Pa. 1999) quoting Hodge v. Loveland, 456 Pa. Super. 188 (1997) *reargument denied*, *allocatur denied*, 555 Pa. 701 (1998). The action is brought on behalf of the decedent's survivors and not the estate. Tulecwicz v. S.E. Pa. Trans. Auth., 529 Pa. 588 (1992). The wrongful death statute is subject to strict construction. Hodge, 456 Pa. Super. at 199.

Neither the statute itself nor the case law interpreting it supports Plaintiff's requests for relief from **his** own mental anguish, pain and suffering, or **his** decline in earnings under the Wrongful Death Act.[3] Accordingly, Defendants' motion for partial summary should be granted in this regard.

## 2. The Survival Cause of Action[4]

In the complaint, under this Survival cause of action, Plaintiff requests damages "on behalf of said estate, the damages suffered by said estate by reason of the death of Plaintiff's Decedent including loss of her future earnings, funeral expenses, expenses of administration and the pain and suffering of Decedent prior to her death." Document # 1, ¶ 26. Defendants acknowledge that Plaintiff has not specifically pled that his practice and income have suffered due to his mental anguish, but they argue that he stated as much in his deposition testimony.

---

[3] Although loss of consortium is included within wrongful death actions under Pennsylvania law (see PaJur FamLaw § 2:27), a "consortium claim is not a claim for emotional or mental trauma [...] but, rather, a consortium claim is grounded on loss of spouse's services." See Jackson v. Traveler's Insurance Company, 414 Pa. Super 336, 344 (1992).

[4] "All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants." 42 Pa. C.S.A. § 8302.

A survival action is brought by the decedent's personal representative for the benefit of the estate. "In contrast to a wrongful death action, a survival action is not a new cause of action but is a continuation in the deceased's personal representative of the cause of action which accrued to the deceased under common law." In Re Hendrickson, 274 B.R. 138, 150 (Bkrtcy. W.D. Pa., 2002) citing Harvey v. Hassinger, 315 Pa. Super. 97, 102 (1983). Damages include the **decedent's** pain and suffering, loss of gross earning power from the date of injury until death, and the loss of earning power less personal maintenance expenses from the time of death through the decedent's estimated working life span. Walsh v. Strenz, 63 F.Supp.2d 548, 550 (M.D. Pa. 1999) citing Kiser v. Schulte, 538 Pa. 219 (1994). Again, Plaintiff's own mental anguish and loss of income are not provided for in the statute, and the motion for partial summary judgment should be granted in this regard.

### 3. Waiver

In opposition to the motion for partial summary judgment on both the causes of action, Plaintiff argues that Defendants have waived the right to move for summary judgment on the issue of Plaintiff's loss of income because they conducted extensive discovery on that issue. Plaintiff provides no legal authority for this argument.

As explained above, nothing in either state statute permits recovery for Plaintiff's own loss of income. Therefore, the conduct of far-reaching discovery under the Federal Rules of Civil Procedure cannot be used to impute a cognizable claim where none exists under Pennsylvania law. While the grounds raised in the present motion for summary judgment could have been raised (and arguably should have been raised) earlier in the context of a Federal Rule of Civil Procedure12(b)(6) motion to dismiss[5] before discovery took place, nothing precludes

---

[5] A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Erickson v. Pardus, ___ U.S. ___, ___ 127 S.Ct. 2197,
(continued...)

Defendants from raising the issue at this late juncture.  See Fed.R.Civ.P. 12(h).

Accordingly, Plaintiff's argument regarding waiver cannot overcome the Defendants' motion for partial summary judgment.

### III.    CONCLUSION

For the foregoing reasons, it is respectfully recommended that the motion for partial summary judgment filed by Defendants [Document # 42] be granted.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report.  Failure to timely file objections may constitute a waiver of appellate rights. See Nara v. Frank, ___ F.3d ___, 2007 WL 1321929 (3d Cir. May 08, 2007).


S/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
CHIEF UNITED STATES MAGISTRATE JUDGE

Dated: May 30, 2008

---

[5](...continued)
2200 (2007); Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim.  Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974).   As the United States Supreme Court recently held in Bell Atlantic Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955 (May 21, 2007), a complaint must be dismissed pursuant to Rule 12 (b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." Id. at ___, 1974 (rejecting the traditional 12 (b)(6) standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to plaintiff.  Angelastro v. Prudential-Bache Securities, Inc., 764 F.2d 939, 944 (3d Cir. 1985).